## MUNDY *v.* LIDGERWOOD MANUF'G CO.

*(Circuit Court, S. D. New York.  March 27, 1888.)*

**1. PATENTS FOR INVENTIONS—COMBINATIONS—USE OF DIFFERENT ELEMENTS.**

Under the ruling in 20 Fed. Rep. 114, Icker's patent No. 9,239, for an improvement in friction drums for pile-drivers was confined to the peculiar elements of the combination therein described, one of which was a cross-grained friction surface; and the use by a defendant, against whom an injunction had been issued restraining the use of the patented device, of a drum having a sidewise friction surface, is not a violation of the injunction.

**2. SAME—INJUNCTION — VIOLATION BY CARELESSNESS — FAILURE TO NOTIFY AGENT.**

The carelessness of a defendant, against whom an injunction has been obtained restraining him from using a patented device, in omitting to notify his agent of such injunction and its effects, will render him liable for a technical contempt for sales of the patented articles by such agent after the injunction had been obtained.

In Equity.  On motion for sequestration, and attachment for violation of an injunction.

*Frederick H. Betts* and *Ernest C. Webb*, for complainant.
*Edward N. Dickerson* and *Livingston Gifford*, for defendant.

LACOMBE, J.  This is an application for sequestration against the defendant, and attachment against its officers for violation of an injunction. The decree enjoining defendant was made by Judge WHEELER upon the pleadings, proceedings, and proofs, May 5, 1884, and was duly served upon defendant.  The grounds of decision are set forth in the opinion reported in 20 Fed. Rep. 114.  The patent is for an improvement in friction drums (windlasses) for pile-drivers and hoisting machines.  It is claimed that the defendant has violated the injunction in three ways—*First*, by selling through one of its agents or consignees two machines with drums precisely like those which were held by Judge WHEELER to infringe the patent; *second*, through the furnishing by such agent or consignee of springs for the use of purchasers of its old machines, which had been sold without the springs, and which concededly did not infringe unless the springs were inserted; *third*, by making and selling friction drums of a new model, the variations from the old model being, as complainant contends, colorable only.

The last of these propositions will be first considered.  Both sides concede that, for the purposes of this motion, the construction put upon the patent by Judge WHEELER is to be taken as final.  That construction, however, must be itself construed, and the parties not being in accord on this point, the former opinion must be analyzed in order to determine precisely what the injunction forbade to the defendant.  The record and the arguments upon which Judge WHEELER's decision was predicated (and which are presented on this motion) show that it lies within the extreme border land of the doctrine which finds inventive faculty in mere mechanical recombinations of devices old, well known, and already otherwise combined.  The opinion must, therefore, be strictly

construed; every element of the combination which, by express language or fair intendment is enumerated by the court as entering into the new combination, must be taken as essential. The ingredients of the combination whose patentability the court sustained will be found recited in the following excerpt from its opinion:

"The orator accomplished this by providing a conical projection on the side of the gear-wheel next to the drum, of nearly the same diameter, made of wedge-shaped pieces of wood, with the broad ends outward forming a tapering friction surface oñ the ends of the wood, and a circular flange projecting from the circumference of the drum, loose on the same shaft, to fit tightly over the friction surface on the wheel when pressed towards it; and a spring coiled about the shaft between the wheel and the drum, to separate the surfaces. The specification mentions a shell or flange on the side of the gear-wheel supporting the wood, and describes mechanism for pressing the drum towards the wheel, and bringing the surfaces together. The claim is for a combination of the drum, loose, and the gear-wheel having the friction cone and side flange to support it and spring to repel it, fast upon the shaft, for this purpose."

The phrase here used, viz., "forming a  *  *  *  friction surface on the ends of the wood," clearly imports that the friction surface intersects the grain of the wood. Grammatically it can hardly mean anything else. All doubt, however, as to its meaning is resolved by a consideration of other parts of the opinion. Thus the court says: "Friction surfaces, one of metal and the other of the ends of wood,  *  *  *  were old and well known." "Letters patent were granted to Knowlson for improvements  *  *  *  presenting friction surfaces composed of the ends of the wood of each piece." This language plainly indicates what the learned judge understood by the expression, "on the ends of the wood." The complainant insists that the Knowlson patent does not in fact say anything about a cross-grain friction. That patent, however, did in fact describe the sections of wood of which its friction surface was composed in language not inconsistent with a transverse engagement, and an examination of Fig. 3 therein shows that in no other way could there be any pretense of the improvement in durability asserted in the third paragraph. The question here, however, is not what the Knowlson patent says, but what Judge WHEELER understood it to say. An examination of the testimony and arguments which were before him can leave no doubt that he understood that the Knowlson patent covered a friction surface across the grain of the wood, as shown in the very model, which was before him, and has been presented here and that, in his enumeration of the ingredients of complainant's combination, he intended by the use of the phrase "on the ends of the wood" to designate a cross-grain friction surface. In the new model drums of the defendant the grain of the wood is not presented endwise to the wear, but sidewise, and thus one ingredient of the combination, which, as a combination only, was held to be patentable, is omitted. The defendants also insist that they now use a V·friction instead of a cone friction, and thus dispense with another ingredient of complainant's combination. Upon this point there is a conflict of testimony. The friction surface is undoubtedly V-shaped;

but complainant insists that one side of it is a dummy, which does not engage with the flange, and that thus the engaging surface is in fact a cone. Upon all the evidence I am of the opinion that the complainant has not established his contention by a fair preponderance of proof. In view of the disadvantage, however, under which the moving party labors in motions of this kind, I should send it to a master to take further testimony on this point, were I not satisfied that a cross-grain engagement must, upon every application made at the foot of Judge WHEELER's decree, be taken as an essential element of the patented combination. Nor is this conclusion modified by a careful examination of Judge NIXON's opinion in *Mundy* v. *Kendall*, 23 Fed. Rep. 591. The learned judge in that case only indicates what upon the affidavits before him he understands to be the extent of Judge WHEELER's decision. If the record which is presented here had been laid before Judge NIXON, he would no doubt have adopted the same construction as that indicated *supra*.

As to the alleged infringement arising from the furnishing by Mr. Wormer of St. Louis of two springs to be used in old model machines sold without them, I do not think his relations to the defendant are such as to warrant punishing it for his act, in the absence of any evidence from which acquiescence in such act can be inferred. As to his sale of the two old infringing machines, however, the defendant has not shown the same care in notifying him of the injunction, and its effect, that it used in the case of its goods on sale in Boston, Philadelphia, etc. This carelessness has caused a violation of the injunction, constituting a technical contempt. A fine of three times the royalty which complainant charges, in analogy to the provisions of the law as to damages, would seem an appropriate penalty therefor, but the exact amount may be determined upon settlement of the order.